

FILED
OCT - 9 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN JOSE STEVENS,          )
                            )
        Plaintiff,          )
                            )
v.                          )   Civil Action No. 15-0858 (UNA)
                            )
OFFICE OF THE ATTORNEY GENERAL )
OF THE UNITED STATES,       )
                            )
        Defendant.          )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff objects to "the government's continual utilization of Title 21 U.S.C. § 851 to seek increased punishment as to the minority of federal criminal defendants who decided to exercise their constitutional guarantee to proceed to pleading guilty as opposed to trial by jury," resulting in the "discriminatory effect of a life sentence without the opportunity for release for cases involving no violence." Compl. at 3. He asks that the Court order the Attorney General to "evaluate whethe[]r the utilization of 21 U.S.C. § 851 is in direct conflict with [former] Attorney General Holder's Memorandum to U.S. Attorney Offices [dated] August 12, 2013." *Id.* at 6; *see id.*, Ex. (Memorandum dated August 12, 2013). If there is a conflict, and because defendants allegedly "have abused . . . 21 U.S.C. § 851 . . . for retaliation" against criminal defendants such as plaintiff who chose to enter guilty pleas, *id.* at 6; *see id.* at 1, plaintiff asks that he be "resentenced to any sentence that was available at the time of the original sentencing without application of 21 U.S.C. § 851," *id.* at 6.

Plaintiff presents an attack on his criminal sentence in the guise of a civil action, and this is not a subject over which the Court has jurisdiction. *See, e.g., Burnell v. Office of the Attorney General of the United States*, No. 1:14–cv–02206, 2014 WL 7411036, at *1 (D.D.C. Dec. 30, 2014), *appeal filed*, No. 15-5027 (D.C. Cir. Jan. 29, 2015). To the extent that a remedy is available to plaintiff, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Plaintiff has stated no claim for relief in this court, and therefore the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

DATE: Oct 2, 2015